RODRÍGUEZ v. THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property
of Mayagüez.

No. 11.—Decided June 27, 1907.

TAXES—REDEMPTION OF PROPERTY SOLD AT PUBLIC AUCTION.—The provisions of
the Act of March 14, 1907, amending section 348 of the Political Code extending the term of 90 to 180 days granted by that section within which to re-

deem property or real estate sold for taxes cannot be given a retroactive effect and made applicable to a case in which the sale of the real property was held before that act went into effect, as otherwise the purchaser would be deprived of the right acquired under the protection of the former law.

The facts are stated in the opinion.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Manuel Rodríguez Cabrero, from a decision of the Registrar of Property of Mayagüez denying the record of the consummation of the sale of a rural estate.

A certificate of purchase of a rural estate composed of 400 *cuerdas* belonging to Emilio Gómez which had been levied upon and sold by the collector of revenues of Las Marías, for the payment of arrears of taxes, having been issued on January 16 last in favor of Manuel Rodríguez Cabrero, and said certificate having been recorded in the registry of property and the certificate of sale having been again presented in the said registry for a record of the consummation of the sale on account of the term of 90 days granted by section 348 of the Political Code for the redemption of the estate having expired, without such redemption having been made, the registrar refused to enter it on the grounds alleged in the decision appearing at the end of said document, which reads as follows:

"The record of the consummation of the sale comprised in the foregoing document is denied, because the period of 180 days, fixed by the Act of the Legislative Assembly of March 14 last, for the redemption of estates sold in compulsory proceedings for the recovery of arrears of taxes has not expired, and in lieu thereof a cautionary notice is entered, effective for a period of 120 days, in the margin of the tenth record of estate No. 52, triplicate, at folio 102 of volume 19 of Las Marías, in which note it has been set forth that Alberto Bravo, as the *alcalde* of this city and on behalf of his municipality, has deposited in this office the sum of $1,370 together with a number of documents, to redeem the estate comprised in the foregoing certificate, in accordance with the said law. Mayagüez, P. R., May 11, 1907."

Attorney José de Guzmán Benítez took an appeal from this decision in due time on behalf of Manuel Rodríguez Cabrero seeking its reversal and the issuance of an order to the registrar to enter a record of the acquisition of full ownership in favor of the appellant upon the books of the registry of property in relation to the estate in question.

The sale made to Manuel Rodríguez Cabrero of the lands belonging to Emilio Gómez attached for the payment of arrears of taxes having become irrevocable on account of the 90 days having expired, granted by section 348 of the Political Code as the term for the redemption, without such redemption having been made by the persons interested, for which reason the certificate of sale was recorded in his name in the registry of property, he has now a perfect right to demand that the proper record be made in the registry of property to the effect that the sale has been consummated, in accordance with the provisions of section 351 of the Political Code, and it cannot be prevented by the provisions of section 12 of the Act approved on March 14 last which amended section 348 of the said Political Code, and which extends to 180 days, the period of 90 days fixed in said article 348 for the redemption of the estate or real property sold, from the date of the certificate of the sale, inasmuch as said law cannot have a retroactive effect to deprive Manuel Rodríguez Cabrero of the rights acquired under the protection of a prior law, in accordance with the universal principles which govern in the matter and which have been recognized in section 3 of the Civil Code in force.

In view of the legal provisions cited, the decision of the Registrar of Property of Mayagüez appearing on the back of the certificate of sale in question is reversed, and it is ordered that he enter the record of the acquisition of the full ownership in favor of the appellant in the books of the registry of property in his charge, and that this document be returned

to him together with a certified copy of this decision, for the proper purposes.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.